# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD POLLARD TURNER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JEWISH, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:23-cv-00287-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE<br><br>(ECF Nos. 4, 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Clifford Pollard Turner ("Plaintiff") is a Texas state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.

On February 27, 2023, the Court issued an order directing Plaintiff to submit a completed application to proceed *in forma pauperis* or pay the $402.00 filing fee to proceed with this action and to file a signed complaint, not to exceed 25 pages in length, or a notice of voluntary dismissal. (ECF No. 4.) The Court expressly warned Plaintiff that failure to comply with the Court's order would result in dismissal of this action, without prejudice. (*Id.* at 2.)

Plaintiff filed renewed applications to proceed *in forma pauperis* on April 3, 2023, (ECF No. 5), and April 11, 2023, (ECF No. 7), but both again failed to include a certified copy of

1 Plaintiff's trust account statement for the past six months. On April 12, 2023, Plaintiff was given
2 a final opportunity to file a completed application to proceed *in forma pauperis* that included a
3 certified copy of his trust account statement, or to pay the filing fee for this action, and was
4 further warned that if he failed to provide a completed application or an explanation for his failure
5 to do so, this action would be dismissed for failure to prosecute and failure to comply with a
6 Court order. (ECF No. 8.)

7 On April 26, 2023, Plaintiff filed another motion to proceed *in forma pauperis*. (ECF No.
8 9.) This application again failed to include a certified copy of Plaintiff's trust account statement
9 or any explanation of Plaintiff's failure to include such statement. (*Id.*)

10 The deadlines for Plaintiff to file a signed complaint and a completed application to
11 proceed *in forma pauperis* have expired, and Plaintiff has failed to comply with the Court's
12 orders or otherwise communicate with the Court regarding his failures to do so.

13 **II.     Failure to Prosecute and Failure to Obey a Court Order**

14     **A.     Legal Standard**

15 Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with
16 any order of the Court may be grounds for imposition by the Court of any and all sanctions . . .
17 within the inherent power of the Court." District courts have the inherent power to control their
18 dockets and "[i]n the exercise of that power they may impose sanctions including, where
19 appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A
20 court may dismiss an action, with prejudice, based on a party's failure to prosecute an action,
21 failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46
22 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*,
23 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring
24 amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987)
25 (dismissal for failure to comply with court order).

26 In determining whether to dismiss an action, the Court must consider several factors:
27 (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
28 docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.      Discussion**

Here, Plaintiff's signed complaint and completed application to proceed *in forma pauperis* (or payment of the filing fee) are overdue and he has failed to comply with the Court's orders. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's February 27, 2023 order expressly warned Plaintiff that his failure to comply with the Court's order to file a signed complaint and a completed application to proceed *in forma pauperis* (or to pay the filing fee for this action) would result in dismissal of this action, without prejudice. (ECF No. 4, p. 2.) Plaintiff was further warned that his failure to file a completed application to proceed *in forma pauperis* would result in dismissal of this action, without prejudice. (ECF No. 6, p. 2; ECF No. 8, p. 2.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff has filed four incomplete motions to proceed *in forma pauperis*, and has not provided any explanation for his repeated failure to

include the required documentation. Plaintiff also has not paid the filing fee, or would be proceeding *in forma pauperis* in this action, apparently making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case. Furthermore, this action cannot proceed without a signed complaint.

### III. Recommendation

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Further, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, without prejudice, for failure to obey Court orders and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 24, 2023**                    /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE